FILED
United States Court of Appeals
Tenth Circuit

March 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

KEENAN DEON WHITE,

　　　　Petitioner - Appellant,

v.

ROBERT PATTON, Director,

　　　　Respondent - Appellee.

No. 15-6174
(D.C. No. 5:15-CV-00170-C)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

　　　　Petitioner-Appellant Keenan Deon White, a state inmate represented by counsel, seeks a certificate of appealability (COA) allowing him to appeal from the district court's denial of his habeas petition pursuant to 28 U.S.C. § 2254. Because Mr. White's petition is time-barred, we deny a COA and dismiss the appeal.

　　　　In April 1993, Mr. White was convicted of first-degree manslaughter in state district court and sentenced to 75 years' imprisonment in accord with the jury's recommendation. He appealed, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment and sentence. White v. State, F-1993-1185 (June 28, 1995) (Not for Publication). In August 2013, Mr. White filed for

post-conviction relief in the state district court. The district court denied the application and the OCCA affirmed. White v. State, PC-2013-1091 (Feb. 20, 2014). On February 17, 2015, Mr. White filed a petition for writ of habeas corpus in federal district court. 28 U.S.C. § 2254. The district court, upon a report and recommendation by a magistrate judge, concluded that Mr. White's petition was time-barred. White v. Patton, No. CIV-15-170-C, 2015 WL 4879335 (W.D. Okla. Aug. 14, 2015). This appeal followed.

A petitioner must obtain a COA to appeal the denial of habeas relief. 28 U.S.C. § 2253(c)(1)(A). To acquire a COA, a petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds—such as time-bar — a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Mr. White has not met this standard.

A one-year limitations period generally applies when a prisoner's direct appeal becomes final. 28 U.S.C. § 2244(d)(1)(A). For prisoners whose convictions became final before April 24, 1996, the one-year period did not begin until that date. See Hoggro v. Boone, 150 F.3d 1223, 1225–26 (10th Cir. 1998). Mr. White's conviction became final before that date. Thus, he had until April

24, 1997 to timely file his federal habeas petition—a deadline he did not meet.

Mr. White does not contest this timeline, but rather argues that equitable tolling should apply because his appellate counsel (1) failed to notify him that the OCCA denied his appeal, and (2) never advised him of his right to file a petition for a writ of habeas corpus. Mr. White contends that he only learned of the outcome of his direct appeal "several years after the decision." Aplt. Br. at 3. He relies upon Holland v. Florida, 560 U.S. 631 (2010), but we find that case distinguishable given the amount of time that transpired (ostensibly without inquiry). The applicable limitations period is subject to equitable tolling "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000) (quotation marks and citation omitted). To establish that equitable tolling should apply, Mr. White must establish: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

As the magistrate judge's report and recommendation correctly concluded, Mr. White has not met his burden. He has not "allege[d] with specificity the steps he took to diligently pursue his federal claims." Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008) (quotation marks and citation omitted). Moreover, "a claim of insufficient access to relevant law" is not an extraordinary circumstance justifying equitable tolling. Gibson, 232 F.3d at 808.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge